IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERTO RODRIGUEZ<br>925 Washington Street<br>Reading, PA 19601<br>individually and on behalf of all others<br>similarly situated,<br><br>                  Plaintiff,<br><br>v. -<br><br>YUASA BATTERY, INC.<br>2901 Montrose Avenue<br>Laureldale, PA 19605<br><br>                  Defendant. | CIVIL ACTION NO.: _____<br><br><br><br>JURY TRIAL DEMANDED |

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff, Roberto Rodriguez ("Plaintiff"), hereby brings this action against Defendant, Yuasa Battery, Inc. ("Defendant"), and alleges, upon personal belief as to his own acts, and upon information and belief as to the acts of others, as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this Complaint contending that Defendant has improperly failed to pay him and others similarly situated overtime compensation pursuant to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* and the Pennsylvania Minimum Wage Act ("PMWA") 43 P.S. § 333, *et seq.*

2. Plaintiff is a current employee of Defendant who is employed in Defendant's Distribution Center. During the course of his employment, Plaintiff regularly worked more than forty (40) hours per week, but was not properly compensated for his work in that Plaintiff was not paid an overtime premium calculated at 1.5 times his regular rate of pay for each hour worked in

1

excess of 40 hours in a work week as required by the FLSA and PMWA. Specifically, Plaintiff and other similarly situated current and former employees of Defendant were not paid compensation for time spent donning and doffing protective gear before and after their scheduled shifts.

3. Plaintiff brings this action as a representative action under the FLSA and PMWA for monetary damages, to seek redress for Defendant's willful, unlawful and improper conduct.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer ... in any Federal or State court of competent jurisdiction." See 29 U.S.C. § 216(b).

5. The Court also has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

6. This Court has supplemental jurisdiction over Plaintiff's state law claim because that claim arises out of the same nucleus of operative facts as the FLSA claim.

7. The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the Defendant resides in this judicial district, doing business therein, and the unlawful practices of which Plaintiff is complaining were committed in the Commonwealth of Pennsylvania.

## PARTIES

8. Plaintiff Roberto Rodriguez currently resides at 925 Washington Street, Reading, PA 19601.

9. Defendant Yuasa Battery, Inc. maintains a principal place of business located at 2901 Montrose Avenue, Laureldale, PA 19605. Defendant is engaged in the manufacturing of

batteries, battery accessories and related components at the same address, within the jurisdiction of this Court.

10. Defendant is a "private employer" and covered by the FLSA.

11. The business activities of Defendant, as described herein, are and were related and performed through unified operation or common control for a common business purpose and constitute an enterprise within the meaning of 29 U.S.C. § 203(r) of the FLSA.

12. Defendant has employed and is employing employees in and about its place of business in the activities of an enterprise engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce. This includes, but is not limited to the use and handling of batteries, plastics, and battery components that originated outside the Commonwealth of Pennsylvania and the production of batteries and battery accessories for sale outside of the Commonwealth of Pennsylvania for the powersports vehicle market. The enterprise has had an annual gross volume of sales made or business done in an amount not less than $500,000.00. Therefore, the employees of Defendant are employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1)(A) of the FLSA.

13. Plaintiff has been employed by Defendant during all relevant times hereto and as such, is an employee entitled to the FLSA's protections. See 29 U.S.C. § 203(e).

### FLSA COLLECTIVE ACTION ALLEGATIONS

14. This action is brought as a collective action to recover unpaid compensation and overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties and damages owed to Plaintiff and all similarly situated current and former employees of Defendant.

15. Pursuant to 29 U.S.C. § 216(b) of the FLSA, Plaintiff brings this action individually and on behalf of all other similarly situated persons presently or formerly employed by Defendant in Defendant's Distribution Center (as "Distribution Center" Employees or "DC" Employees, or Picker, Floater, Finish Line, Boosting or Screening) or in positions with similar job duties who were subject to Defendant's unlawful pay practices and policies described herein and who worked for Defendant at any point in the three years preceding the date the instant action was initiated (the members of the putative class are hereinafter referred to as the "Class Plaintiffs").

16. Plaintiff estimates that there are in excess of fifty (50) other similarly situated Class Plaintiffs who either are working or worked for Defendant and were unlawfully denied overtime compensation for hours worked in excess of 40 in a workweek. The precise number of employees can be easily ascertained by Defendant. These employees can be identified and located using Defendant's payroll and personnel records. Potential Class Plaintiffs may be informed of the pendency of this Collective Action by direct mail and/or publication.

17. Pursuant to 29 U.S.C. § 216 (b), this action is properly maintained as a collective action because all the class members are similarly situated. Plaintiff and other similarly situated employees were similarly misclassified as exempt for overtime purposes and not paid an overtime premium for hours worked in excess of 40 in a workweek, had the same job classification and job duties, and were subject to the same uniform policies, business practices, payroll practices and operating procedures. Further, Defendant's willful policies and practices which are discussed more fully in this Collective and Class Action Complaint, whereby Defendant failed to pay Plaintiff and Class Plaintiffs an overtime premium for all hours worked over (40) forty hours in a work week, has affected Plaintiff and the Class Plaintiffs in the same fashion.

18. Plaintiff will request the Court to authorize notice to all current and former similarly situated employees employed by Defendant, informing them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid compensation, overtime compensation and liquidated damages under the FLSA.

## CLASS ACTION ALLEGATIONS

19. Plaintiff brings this action individually, and on behalf of the following statewide class of similarly situated individuals, pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> All persons presently or formerly employed by Defendant during the last three (3) years in Defendant's Distribution Center (as "Distribution Center" Employees or "DC" Employees, or Picker, Floater, Finish Line, Boosting or Screening) or in positions with similar job duties who were denied overtime compensation for work performed in excess of 40 hours in a work week

20. The members of the class are so numerous that joinder of all members is impractical. Class members may be informed of the pendency of this Class Action by direct mail.

21. Pursuant to Federal Rule of Civil Procedure 23 (a)(2), there are questions of law and fact common to the Class, including, but not limited to:

   a. Whether Plaintiff and the Class are entitled to overtime compensation for services rendered in excess of 40 hours per week under the PMWA;

   b. Whether Plaintiff and the Class worked in excess of 40 hours per week;

   c. Whether Plaintiff and the Class were required by Defendant to spend time donning and doffing protective gear before and after their scheduled shifts;

   d. Whether Defendant was required to count the time Plaintiff and the Class spent donning and doffing protective gear toward their "hours worked" under the PMWA; and

   e. Whether Plaintiff and the Class have suffered and are entitled to damages, and, if so, in what amount.

22. Plaintiff's claims are typical of the claims of the Class members. Plaintiff is a current employee of Defendant employed in Defendant's Distribution Center Distribution Center Employee or "DC" Employee who has suffered similar injuries as those suffered by the Class members as a result of Defendant's failure to pay wages and overtime compensation. Defendant's conduct of violating the PMWA has affected Plaintiff and the Class in the exact same way.

23. Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff is situated similarly to the Class and has no conflict with the Class members.

24. Plaintiff is committed to pursuing this action and has retained competent counsel experienced in class and collective action litigation.

25. Pursuant to Rules 23(b)(1), (b)(2) and/or 23(b)(3) of the Federal Rules of Civil Procedure, this action is properly maintained as a class action because:

   a. the prosecution of separate actions by or against individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class that would establish incompatible standards of conduct for Defendant;

   b. Defendant, by failing to pay overtime compensation when it is due and owing in violation of the PMWA, has acted or refused to act on grounds generally applicable to the Class, thereby making equitable relief appropriate with respect to the Class as a whole; and

   c. the common questions of law and fact set forth above applicable to the Class predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of this case, especially with respect to considerations of consistency, economy, efficiency, fairness and equity, as compared to other available methods for the fair and efficient adjudication of the controversy.

26. A Class Action is also superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impractical. Class Action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expense if these claims were brought individually. Additionally, as the damages suffered by each Class member may be relatively small, the expenses and burden of individual litigation would make it difficult for the Class members to bring individual claims. The presentation of separate actions by individual Class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant and/or substantially impair or impede the ability of the Class to protect their interests.

## FACTUAL BACKGROUND

27. On or about February 14, 2014, Plaintiff was hired by Defendant as a Distribution Center Employee or "DC" employee.

28. Upon information and belief, Defendant employs or has employed in excess of fifty (50) other individuals in its Distribution Center.

29. Plaintiff's and Class Plaintiffs' job responsibility was to finish the assembly and packaging of batteries and accessories for Defendant for sale in and outside of the Commonwealth of Pennsylvania.

30. Defendant willfully violated the provisions of 29 U.S.C. § 207 and 215(a)(2) of the FLSA by employing its employees in an enterprise engaged in commerce or in the production of goods for commerce for workweeks longer than those prescribed in 29 U.S.C. § 207 without compensating said employees for employment in excess of the prescribed hours at rates not less than one and one-half times their regular rates. Therefore, Defendant is liable for the payment of

unpaid overtime compensation and an equal amount of liquidated damages under 29 U.S.C. § 216(c).

31. For example, during the period from at least February 14, 2014, through at least October 28, 2019, Defendant's employees working in Defendant's Distribution Center, including Plaintiff, regularly worked over 40 hours in a workweek. Such employees spent time putting on and removing uniforms and protective gear before and after their scheduled shifts.

32. Defendant required employees, including Plaintiff, to don and doff protective gear before and after their scheduled shifts. These employees spent one to two hours per week performing those activities. Those activities were integral to the work being performed and should have been compensated.

33. Defendant was aware of the amount of time employees spent performing these pre- and post-shift activities because, on or about October 28, 2019, Defendant admitted to same, changed its policies, and paid partial compensation to Plaintiff and other current employees for the time previously uncompensated. However, Defendant paid to Plaintiff and other current employees only a maximum of six (6) months of previously uncompensated time. Defendant did not compensate Plaintiff and Class Plaintiffs for the time spent donning and doffing protective gear otherwise, even though Plaintiff and Class Plaintiffs had done so without compensation for far longer than six months. Upon information and belief, Defendant did not at any time compensate former employees for any time spent donning and doffing protective gear.

34. Defendant knew that the uncompensated time regularly caused employees' working hours to exceed 40 hours in a workweek or occurred during workweeks in which employees' working hours exceeded 40. The uncompensated time regularly would equal an additional one to two hours that were in excess of 40 hours in a workweek.

35. For example, during the workweek of December 18, 2017 through December 24, 2017, Plaintiff worked a total of approximately 53.75 hours, inclusive of time spent donning and doffing protective gear, but was compensated for only 51.75 hours.

36. Thus, Defendant knowingly failed to pay its employees the required overtime premium for those additional hours that were over 40 in a workweek.

37. Defendant violated the provisions of Sections 211(c) and 215(a)(5) of the FLSA in that Defendant failed to make, keep, and preserve adequate and accurate records of their employees, as prescribed by the regulations issued and found at 29 C.F.R. Part 516. Specifically, Defendant did not make, keep and preserve payroll records showing the accurate amount of compensable hours worked by employees.

38. Defendant failed to pay Plaintiff and Class Plaintiffs at a rate of at least 1.5 times their regular rate of pay for each hour that they worked in excess of 40 hours in a work week.

39. As a result of Defendant's aforesaid illegal actions, Plaintiff and the Class Plaintiffs have suffered damages.

## COUNT I
## FAIR LABOR STANDARDS ACT
## 29 U.S.C. § 201, et seq.
## FAILURE TO PAY OVERTIME COMPENSATION

40. Plaintiff incorporates herein by reference the preceding paragraphs as though same were fully set forth at length herein.

41. Pursuant to Section 206(b) of the FLSA, all employees must be compensated for every hour worked in a workweek.

42. Moreover, Section 207(a)(1) of the FLSA states that employees must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of (40) forty hours per week.

43. According to the policies and practices of Defendant, Plaintiff and Class Plaintiffs were required to work in excess of (40) forty hours per week. Despite working in excess of 40 hours per week, Plaintiff and Class Plaintiffs were denied overtime compensation for compensable work performed in excess of 40 hours per week in violation of the FLSA.

44. The foregoing actions of Defendant and the policies and practices of Defendant violate the FLSA.

45. Defendant's actions were willful, not in good faith and in reckless disregard of clearly applicable FLSA provisions.

46. Defendant is liable to Plaintiff and Class Plaintiffs for actual damages, liquidated damages and other equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorney's fees, costs and expenses.

**WHEREFORE**, Plaintiff prays for the following relief on behalf of himself and Class Plaintiffs:

A. An Order from this Court permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B. An Order from the Court ordering Defendant to file with this Court and furnish to the undersigned counsel a list of all names and addresses of all employees who have worked for Defendant during the preceding three (3) years in Defendant's Distribution Center (as "Distribution Center" Employees or "DC" Employees, or Picker, Floater, Finish Line, Boosting or Screening) and/or in positions with similar job duties, and authorizing Plaintiff's counsel to issue a notice at the earliest possible time to these individuals, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they worked for

Defendant during the liability period, but were not paid compensation and/or overtime pay as required by the FLSA;

C. Adjudicating and declaring that Defendant's conduct as set forth herein and above is in violation of the FLSA;

D. Adjudicating and declaring that Defendant violated the FLSA by failing to pay compensation and/or overtime pay to Plaintiff and Class Plaintiffs for compensable hours worked, some of which were in excess of forty (40) hours per week;

E. Awarding Plaintiff and Class Plaintiffs back pay wages and/or overtime wages in an amount consistent with the FLSA;

F. Awarding Plaintiff and Class Plaintiffs liquidated damages in accordance with the FLSA;

G. Awarding Plaintiff reasonable attorney's fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

H. Awarding pre and post-judgment interest and court costs as further allowed by law;

I. Granting Plaintiff and the Class Plaintiffs leave to add additional Plaintiffs by motion, the filing of written opt-in consent forms, or any other method approved by the Court; and

J. For all additional general and equitable relief to which Plaintiff and the Class may be entitled.

## COUNT II
## PENNSYLVANIA MINIMUM WAGE ACT OF 1968
## 43 P.S. § 333 *et seq.*

47. The preceding paragraphs are hereby incorporated by reference as though same were fully set forth at length herein.

48. The Pennsylvania Minimum Wage Act provides that employers must pay certain "minimum wages," including overtime wages, to its employees. See 43 P.S. § 333.113.

49. The Pennsylvania Minimum Wage Act further provides that "employees shall be paid for overtime not less than one and one-half times the employee's regular rate" four hours worked in excess of forty (40) hours in a workweek. See 43 P.S. § 333.113.

50. By its actions alleged above, Defendant has violated the provisions of the Pennsylvania Minimum Wage Act of 1968 by failing to properly pay overtime compensation.

51. As a result of Defendant's unlawful acts, Plaintiff and the Class Plaintiffs have been deprived of overtime compensation in amounts to be determinate at trial, and are entitled to recovery of such amounts, together with interest, costs and attorney's fees pursuant to Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.113.

**WHEREFORE**, Plaintiff, on behalf of himself and the Class Plaintiffs, pray for judgment against Defendant as follows:

A. An Order certifying this case as a class action and designating Plaintiff as the representatives of the Class and their counsel as class counsel;

B. An award to Plaintiff and the Class for the amount of unpaid overtime compensation to which they are entitled, including interest thereon, and penalties subject to proof;

C. An award to Plaintiff and the Class of reasonable attorney's fees and costs pursuant to the Pennsylvania Minimum Wage Act; and

D. An award to Plaintiff and the Class for any other damages available to them under applicable Pennsylvania law, and all such other relief as this Court may deem proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

MURPHY LAW GROUP, LLC

By: _____
Michael Murphy, Esquire
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-0210
murphy@phillyemploymentlawyer.com
Attorneys for Plaintiff

Dated:   February 17, 2020

## DEMAND TO PRESERVE EVIDENCE

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's and the Class Plaintiffs' employment, to their potential claims and their claims to damages, to any defenses to same, including, but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spread sheets, images, cache memory, payroll records, paystubs, time records, time sheets and any other information and/or data which may be relevant to any claim or defense in this litigation.

JS 44 (Rev 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Roberto Rodriguez, individually and on behalf of all others similarly situated

**(b)** County of Residence of First Listed Plaintiff  **Berks**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Michael Murphy, Esq., Murphy Law Group, LLC, Eight Penn Center, Suite 2000, 1628 John F Kennedy Blvd, Philadelphia, PA 19103, 267-273-1054

### DEFENDANTS
Yuasa Battery, Inc.   **20   889**

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for Nature of Suit Code Descriptions

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☒ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | | | | | ☐ 893 Environmental Matters |
| | | | | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS Third Party 26 USC 7609 | |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*
29 U.S.C. § 201, et seq; 43 P.S. § 333, et seq
Brief description of cause
FLSA & PMWA

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P
**DEMAND $**
CHECK YES only if demanded in complaint
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____   DOCKET NUMBER _____

DATE: 02/17/2020
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT #  AMOUNT  APPLYING IFP  JUDGE  MAG JUDGE

FEB 18 2020

JFL

5:20-cv-889

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 925 Washington Street, Reading, PA 19601

Address of Defendant: 2901 Montrose Avenue, Laureldale, PA 19605

Place of Accident, Incident or Transaction: 2901 Montrose Avenue, Laureldale, PA 19605

A/R

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 02/17/2020

Attorney-at-Law / Pro Se Plaintiff        Attorney I.D. # (if applicable)

---

**CIVIL:** (Place a √ in one category only)

A. *Federal Question Cases:*
☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☑ 11. All other Federal Question Cases
   *(Please specify)* Fair Labor Standards Act

B. *Diversity Jurisdiction Cases:*
☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify)* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
   *(Please specify)* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Michael Murphy, counsel of record or pro se plaintiff, do hereby certify

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 02/17/2020

Attorney-at-Law / Pro Se Plaintiff       Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ 609 (5/2018)

FEB 18 2020



# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | |
|---|---|
| Roberto Rodriguez, individually and on behalf of all others similarly situated<br>v.<br>Yuasa Battery, Inc. | CIVIL ACTION<br><br>**20    889**<br><br>NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X)

| 2/19/2020 | Michael Murphy, Esquire | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 267-273-1054 | 215-525-0210 | murphy@phillyemploymentlawyer.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

FEB 18 2020